FILED

Nov 3  11 05 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

```
---------------------------------------X
BRUCE E. KAUFMAN and
BETTE L. OFFRET,
                                        CIVIL ACTION
            Plaintiffs,                 NO.  3:02 CV 1700 (PCD)

V.


NATIONAL RAILROAD
PASSENGER CORPORATION,

            Defendant.                  OCTOBER 30, 2003

---------------------------------------X
```

### MOTION TO DISMISS AND/OR PRECLUDE

Pursuant to Federal Rules of Civil Procedure, Rules 37(b), 37(d) and 41(b), the undersigned

defendant, National Railroad Passenger Corporation, respectfully moves this Court to dismiss this

action.  In the alternative, the defendant moves to preclude the plaintiffs, Bruce E. Kaufman and Bette L.

Offret, from testifying at the trial of this matter.

In support of this motion, the defendant states the following:


### FACTS

1.    This case was originally removed to the United States District Court for the District of

Connecticut from the Superior Court of the State of Connecticut for the Judicial District

of Hartford at Hartford on September 19, 2002.

2.  On December 30, 2002, the Report of Parties Planning Meeting was filed jointly by the parties. The report indicated that all discovery, including depositions and expert disclosures would be concluded by June 30, 2003, and that the case would be prepared for trial by August 30, 2003. (Attached as Exhibit A)

3.  On February 5, 2003, the parties attended the settlement/status conference with P.J.O. Lawrence Ionnotti, wherein it was agreed that settlement discussions could not occur because plaintiff's medical treatment records and bills had not yet been produced to the defendant.

4.  On February 7, 2003, the defendants filed discovery requests on the plaintiffs. The plaintiffs did not file any objections to the discovery requests.

5.  A second settlement/status conference was scheduled for May 21, 2003.

6.  On May 5, 2003, the undersigned filed a Motion to Compel Discovery Responses or to Dismiss Plaintiffs' Action, as the plaintiffs had not produced any treating records or reports regarding the plaintiffs' alleged injuries as of that date. (Attached as Exhibit B).

7.  On May 7, 2003, more than sixty (60) days beyond their due date, plaintiffs provided responses to defendant's interrogatories and requests for production.

8.  On May 21, 2003, the parties attended the second settlement/status conference with P.J.O. Ionotti, at which time plaintiffs' counsel represented that the plaintiffs would be

made available for deposition prior to the end of the summer of 2003, when discovery was to be concluded.

9.    The plaintiffs depositions were noticed on July 14, 2003 for August 18, 2003, and again on September 11, 2003 for October 14, 2003.  (See Exhibit C, Notices).  On each occasion, the depositions were "marked off" at the plaintiffs' request.

10.   On September 22, 2003, a Trial Preparation Order was issued by the Court, indicating that the case shall be deemed ready for trial on November 12, 2003.

11.   On October 23, 2003, a Notice to Counsel was issued by the Court, indicating that jury selection will commence at 9:00 a.m. on November 4, 2003.

12.   To date, the plaintiffs have not been made available for deposition.

13.   Plaintiffs' counsel has represented that he intend to file a motion for a continuance of the trial, but no such motion has been received by the undersigned counsel.


**ARGUMENT**

Rule 41(b) provides that upon motion a defendant may move for the dismissal of an action or of any claim against the defendant for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the Court . . . ."  The Court has discretion to impose dismissal with prejudice as a sanction for a failure to comply with Court rules and orders.  In determining whether dismissal with prejudice is warranted, the Court must balance the importance of allowing the plaintiff a day in Court

3

with the need to avoid unnecessary delay, congestion of courtrooms, and disrespect for Court rules. <u>Nita v. Connecticut Department of Environmental Protection</u>, 16 F.3d. 482 (Second Cir. 1994); <u>Omaha Indian Tribe v. Tract I - Blackbird Bend Area</u>, 933 F.2d 1462 (Eighth Cir.) <u>Cert. Denied</u>, 112 S.Ct. 379, 116 L.Ed. 2d 331 (1991).

Plaintiffs have not complied with discovery in this matter with the diligence required pursuant to the Federal Rules of Civil Procedure. Since the date of the second settlement/status conference, on May 21, 2003, the defendants have awaited the opportunity to depose the plaintiffs, all along receiving assurances from plaintiffs' counsel that arrangements would be made to make the plaintiffs available for deposition. Settlement discussions could not occur at either settlement conference because the plaintiffs had not made timely compliance with the defendant's written discovery requests. At the second settlement conference, plaintiffs' counsel represented to the Court that the plaintiffs would be produced for deposition by August 30, 2003, the Trial Readiness date contained in the December 30, 2002 Report of Parties.[1] (See Exhibit A, 12/30/02 Report of Parties Planning Meeting). The plaintiffs have not complied with the Report of Parties deadlines and defendant's notices of deposition. The defendant also wrote to plaintiffs' counsel on September 12, 2003, indicating that no deposition dates had ever been provided, and that discovery was to have already been completed. (See Exhibit D, 9/12/03 letter). There was no response from plaintiffs' counsel with regard to the depositions of the plaintiffs.

---

[1] In accordance with the Report of Parties, plaintiffs actually were to have been deposed by June 30, 2003. However, due to the plaintiffs' late compliance with written discovery, the deadline to complete depositions was extended to the end of summer, or August 30, 2003.

Although this case has been pending since August of 2002, the defendants still have not been afforded the opportunity to depose the plaintiffs. It is unjust that the plaintiffs have not made themselves available for deposition in an action that they have brought against the defendant.

The plaintiffs are seeking monetary damages for claimed injuries resulting from an accident alleged to have been caused by the defendant. Trial in this matter has been scheduled for November 12, 2003, two weeks from the date of this motion. Jury selection is scheduled to commence in less than one week, on November 4, 2003. The discovery deadlines have long since lapsed. Plaintiffs have taken no steps to advance this case beyond providing their initial written discovery responses, in May of 2003. The plaintiffs' lack of diligent prosecution of this action prejudices the defendant. Discovery was to be completed several months ago. The defendant, to its prejudice, is unable to properly assess the merits of this case, prepare a defense, or even engage in meaningful settlement discussions with the plaintiffs and the Court. Given these circumstances, it would be unfair to allow the plaintiffs to testify at trial in this matter.

The defendant represents that it has in good faith conferred with the plaintiffs to secure the depositions and expert disclosure at issue prior to seeking Court action.

Wherefore, the defendant now respectfully moves this Court to dismiss the plaintiffs' action or, in the alternative to preclude the plaintiffs from testifying at trial

5

THE DEFENDANT,

By_____
JEFFREY N. GAULL (ct24629)
Ryan, Ryan, Johnson & Deluca, LLP
Post Office Box 3057, 80 Fourth Street
Stamford, CT   06905
203-357-9200
Juris No. 52525

6

<u>CERTIFICATION OF SERVICE</u>

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

this ___30th___ day of October, 2003.

_____
JEFFREY N. GAULL

215.0641\Procases\215.064\Motion to Preclude.wpd

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------

BRUCE E. KAUFMAN and                           CIVIL ACTION No.:
BETTE L. OFFRET                                No. 3:02CV1700 (PCD)

v.

NATIONAL RAILROAD
PASSENGER CORPORATION                          December 30, 2002

Date Complaint Filed:
Date Complaint Served:
Date Action Removed:
Date of Defendant's Appearance:

### REPORT OF PARTIES PLANNING MEETING

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and D. Conn.

Local Rule 38, a scheduling conference was held on December 5, 2002.  The

participants were:

Robert O. Hickey, Esq.
Louis A. Highmark Jr., Esq.

1.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in combination with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.  JURISDICTION

A.  Subject Matter Jurisdiction

This action involves personal injury claims in which the plaintiffs allege they were injured in a train accident.  The defendants allege jurisdiction pursuant to 28 U.S.C. 1331 and 1441.

B.  Personal Jurisdiction

The plaintiffs allege in personam jurisdiction based upon the involvement of the defendant's train in an accident occurring in Connecticut.

III.  <u>BRIEF DESCRIPTION OF THE CASE</u>

A.  <u>Claims of Plaintiffs</u>

The plaintiffs allege damages as a result of injuries sustained while travelling as passengers in the defendant's train, when the train stopped suddenly and then collided with one of its own vehicles, throwing the plaintiffs from their seats.  The plaintiffs' claims are based upon certain negligent acts by the defendant.

B.  <u>Defenses and Counterclaims of Defendant</u>

The defendant admits the train was involved in an incident at or about the time and place referenced in the plaintiffs' Complaint, but denies all allegations of negligence.

IV.  <u>STATEMENT OF UNDISPUTED FACTS</u>

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are in dispute.  The parties state that the following facts are undisputed:

(a)  The train was involved in an incident at or about August 24, 2000, in Meriden, Connecticut.

V.    CASE MANAGEMENT PLAN

A.   Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follow:

As stated in various Sections of this Report.

B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with this Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

C.   Early Settlement Conference

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement may be enhanced by use of the following procedure:

a.   As soon as the plaintiffs' counsel has received from the present treating physician copies of his final reports, all medical reports and records will be furnished to defendant's counsel and the parties will make a serious effort to resolve the plaintiffs' claims (the delay in the receipt of the final medical reports was caused by the death of the initial treating physician and the physician now treating the plaintiffs has not yet been able to produce  complete reports of the plaintiffs' injuries, disability ratings, etc.  Although the reports have been delayed for several months, plaintiffs' counsel has been assured that they will be prepared and sent to him within the next 30 days.

b.  If, after the production of all medical records, the parties are unable to settle the plaintiffs' claims, the parties will request an early settlement conference with the Court.

2.  The parties request an early settlement conference (if necessary).

3.  The parties prefer a settlement conference with a magistrate judge or special master.

4.  The parties request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36 (if necessary).

D.  Joinder of Parties and Amendment of Pleadings

1.  The plaintiffs should be allowed until December 31, 2002 to file motions to join additional parties, and until January 15, 2003 to file motions to amend the pleadings.

2.  The defendant should be allowed until January 30, 2003 to file motions to join additional parties.

E.  Discovery

1.  The parties anticipate discovery will be required on the following issues:

a.  The plaintiffs anticipate that discovery will be required on the following issues: (i) all facts as alleged by the plaintiffs in support of their claims; (ii) the causes of the train accident; and (iii) any defenses and affirmative defenses alleged by the defendant.

b. The defendant anticipates that it will need discovery on the following issues of fact: (i) the injuries and damages alleged by the plaintiffs; and (ii) the mitigation of any damages sustained by the plaintiffs.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by June 30, 2003.

3. Discovery will be conducted in phases.

4. There will be no issues for early discovery.

5. The parties anticipate that the plaintiffs will require a total of three to five depositions of fact witnesses and that the defendants will require a total of three to five depositions. The depositions will commence after February 1, 2003, and will be completed by June 30, 2003.

6. Any or all of the parties may request permission to serve more than twenty-five interrogatories.

7. The plaintiffs intend to call expert witnesses at trial. The plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 30, 2003. Depositions of any such experts will be completed by June 30, 2003.

8. The defendants intend to call expert witnesses at trial. The defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2003. Depositions of all such experts will be completed by July 30, 2003.

9.   A damage analysis will be provided by the plaintiffs by June 30, 2003 and by the defendant by July 30, 2003.

F.   Dispositive Motions

No dispositive motions are anticipated.

G.   Joint Trial Memorandum

The Joint Trial Memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed on or before July 30, 2003.

VI.   TRIAL READINESS

The case will be ready for trial on August 30, 2003.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS

Date: _12/3r/o2_    By _____

LOUIS A. HIGHMARK, JR.
Federal Bar No. ct07000
Fink and Highmark
8 Crossroads Plaza
West Hartford, CT 06117
(860) 236-6854

DEFENDANT,

Date: _12/5/02_    By _____

ROBERT O. HICKEY, ESQ.
Federal Bar No. ct19555
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
(203) 357-9200

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------------------X
BRUCE E. KAUFMAN and
BETTE L. OFFRET,

                                   CIVIL ACTION
             Plaintiffs,         NO.  3:02 CV 1700 (PCD)

V.

NATIONAL RAILROAD
PASSENGER CORPORATION,

            Defendant.              MAY 5, 2003

------------------------------------------X

## MOTION TO COMPEL DISCOVERY RESPONSES OR TO DISMISS PLAINTIFFS' ACTION

Pursuant to Federal Rules of Civil Procedure 37(a), the undersigned defendant, National Railroad Passenger Corporation, respectfully moves this Court to compel the discovery responses from the plaintiffs, Bruce E. Kaufman and Bette L. Offret.

In support of this motion, the defendant states the following:

1.      This case was originally removed to the United States District Court for the District of Connecticut from the Superior Court of the State of Connecticut for the Judicial District of Hartford at Hartford on September 19, 2002.

2.      On December 30, 2002, the Report of Parties Planning Meeting was filed jointly by the parties.  The report indicates that all discovery, including depositions will

be concluded by June 30, 2003, and that the case will be prepared for trial by August 30, 2003.

3. On January 13, 2003, a settlement/status conference was scheduled for February 5, 2003 by the Court.

4. On January 28, 2003, the undersigned filed a Motion for Continuance of the settlement/status conference, arguing that it would be premature because plaintiff's medical treatment records and bills had not yet been produced. The plaintiff consented to the Motion for Continuance.

5. On, February 5, 2003, the parties attended the settlement/status conference, wherein it was indicated that settlement discussions could not occur because plaintiff's medical treatment records and bills had not yet been produced.

6. On February 7, 2003, the defendants filed discovery requests on the plaintiffs. The plaintiffs did not file any objections to the discovery requests.

7. The plaintiffs' counsel has not, as of the date of the filing of this motion, produced any treating records or reports regarding the plaintiffs' alleged injuries.

8. The defendant has received notice that a second settlement/status conference has been scheduled for May 21, 2003.

Pursuant to Federal Rules of Civil Procedure 26(a), ". . . a party must, without awaiting a discovery request, provide to the other parties" applicable discovery materials.  The undersigned

2

counsel has contacted counsel for the plaintiff on several occasions in an effort to obtain the plaintiffs' medical treatment records and bills. In fact, on November 27, 2002 plaintiffs' counsel represented to the undersigned that efforts were being made to obtain all the plaintiff's treating records and that he anticipated a response in thirty (30) days. Over sixty (60) days later, after plaintiffs failed to disclose any information discoverable under Federal Rules of Civil Procedure 26(a), the defendant filed specific interrogatories and requests for production in an effort to obtain the records relating to the plaintiffs' treatment for their alleged injuries. To date, plaintiffs have produced no records and have failed to respond in any way to defendant's discovery requests.

The plaintiffs are seeking monetary damages for claimed injuries resulting from an accident alleged to have been caused by the defendant. Because the plaintiffs have produced no treatment records or bills to date, the defendant, to its prejudice, has been unable to properly assess the merits of this case, prepare a defense, and engage in meaningful settlement discussions with the plaintiffs and the Court.

The defendant represents that it has in good faith conferred with the plaintiffs to secure the disclosure at issue prior to seeking Court action.

Wherefore, the defendant now respectfully moves this court to compel the plaintiffs to disclose all pertinent treatment records and bills under Federal Rules of Civil Procedure 26 and according to defendant's interrogatories and requests for production dated February 7, 2003. In

3

the alternative, the defendant moves this Court to dismiss the plaintiffs' action for failure to

diligently prosecute.

THE DEFENDANT,

By_____

JEFFREY N. GAULL
Ryan, Ryan, Johnson & Deluca, LLP
Post Office Box 3057, 80 Fourth Street
Stamford, CT   06905
203-357-9200
Juris No. 52525

## CERTIFICATION OF SERVICE

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

this __5th__ day of May, 2003.

_____

JEFFREY N. GAULL

215.0641\LITIGATE\NRPC\KAUFMAN\I&P\Compel discovery.001.wpd

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-----------------------------------------X
BRUCE E. KAUFMAN and
BETTE L. OFFRET,

                                  CIVIL ACTION
          Plaintiffs,                NO.  3:02 CV 1700 (PCD)

V.

NATIONAL RAILROAD
PASSENGER CORPORATION,

          Defendant.                JULY 14, 2003
-----------------------------------------X

### NOTICE OF DEPOSITION

    **PLEASE TAKE NOTICE** that the defendant will take the deposition of the plaintiff,

**Bruce Kaufman**, on August 18, 2003 at 10:00 A.M. at the law offices of Ryan, Ryan, Johnson &

Deluca, LLP, 80 Fourth Street, Stamford, Connecticut  06905 before Sanders, Gale & Russell or

other competent authority within and for the State of Connecticut.

                      THE DEFENDANT,

                    By  _____
                      JEFFREY N. GAULL, ESQ. (ct24629)
                      Ryan, Ryan, Johnson & Deluca, LLP
                      80 Fourth Street, P.O. Box 3057
                      Stamford, CT  06905
                      Juris No. 52525
                      Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

this 14th day of July, 2003.

_____
JEFFREY N. GAULL, ESQ.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------X

BRUCE E. KAUFMAN and
BETTE L. OFFRET,

                CIVIL ACTION

        Plaintiffs,            NO.  3:02 CV 1700 (PCD)

V.

NATIONAL RAILROAD
PASSENGER CORPORATION,

        Defendant.         JULY 14, 2003

-----------------------------------------X

### NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that the defendant will take the deposition of the plaintiff,

**Bette L. Offret**, on August 18, 2003 at 2:00 P.M. at the law offices of Ryan, Ryan, Johnson &

Deluca, LLP, 80 Fourth Street, Stamford, Connecticut  06905 before Sanders, Gale & Russell or

other competent authority within and for the State of Connecticut.

                THE DEFENDANT,

                By _____
                    JEFFREY N. GAULL, ESQ. (ct24629)
                    Ryan, Ryan, Johnson & Deluca, LLP
                    80 Fourth Street, P.O. Box 3057
                    Stamford, CT  06905
                    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

this 14th day of July, 2003.

_____
JEFFREY N. GAULL, ESQ.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------X

BRUCE E. KAUFMAN and
BETTE L. OFFRET,

                  Plaintiffs,

V.

NATIONAL RAILROAD
PASSENGER CORPORATION,

                  Defendant.

-------------------------------------------X

CIVIL ACTION
NO. 3:02 CV 1700 (PCD)

September 11, 2003

## NOTICE OF DEPOSITION

    **PLEASE TAKE NOTICE** that the defendant will take the deposition of the plaintiff,

**Bruce Kaufman**, on **Tuesday, October 14, 2003** at 10:00 A.M. at the law offices of Ryan,

Ryan, Johnson & Deluca, LLP, 80 Fourth Street, Stamford, Connecticut 06905 before Sanders,

Gale & Russell or other competent authority within and for the State of Connecticut.

                            THE DEFENDANT,

                        By                    
                           JEFFREY N. GAULL, ESQ. (ct24629)
                           Ryan, Ryan, Johnson & Deluca, LLP
                           80 Fourth Street, P.O. Box 3057
                           Stamford, CT 06905
                           Juris No. 52525
                           Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

Sanders, Gale & Russell
437 Orange Street
P.O. Box 1048
New Haven, CT 06511

this 11th day of September, 2003.

_____
JEFFREY N. GAULL, ESQ.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------X
BRUCE E. KAUFMAN and
BETTE L. OFFRET,

               Plaintiffs,

V.

NATIONAL RAILROAD
PASSENGER CORPORATION,

               Defendant.
-------------------------------------------X

CIVIL ACTION
NO. 3:02 CV 1700 (PCD)

September 11, 2003

### RENOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that the defendant will take the deposition of the plaintiff,

**Bette L. Offret**, on **Tuesday, October 14, 2003 at 12:00 noon** at the law offices of Ryan, Ryan,

Johnson & Deluca, LLP, 80 Fourth Street, Stamford, Connecticut 06905 before Sanders, Gale &

Russell or other competent authority within and for the State of Connecticut.

        THE DEFENDANT,

        By _____
           JEFFREY N. GAULL, ESQ. (ct24629)
           Ryan, Ryan, Johnson & Deluca, LLP
           80 Fourth Street, P.O. Box 3057
           Stamford, CT 06905
           Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

Sanders, Gale & Russell
437 Orange Street
P.O. Box 1048
New Haven, CT 06511

this 11th day of September, 2003.

_____
JEFFREY N. GAULL, ESQ.

I:\LITIGATI\NRP\C\KAUFMAN\DEPONOTE\offret.002.wpd