## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

```
-----------------------------------------X
BRUCE E. KAUFMAN and
BETTE L. OFFRET,
                                            CIVIL ACTION
            Plaintiffs,                     NO. 3:02 CV 1700 (PCD)

V.

NATIONAL RAILROAD
PASSENGER CORPORATION,

            Defendant.                      DECEMBER 22, 2003

-----------------------------------------X
```

### MOTION IN LIMINE TO PRECLUDE

Pursuant to Federal Rules of Civil Procedure, Rules 34 (a), *et seq.* and 37(a), *et seq.*, the

undersigned defendant, National Railroad Passenger Corporation, respectfully moves this Court to

preclude the plaintiff, Bruce E. Kaufman, from introducing any evidence or testimony offered by Dr.

Steven E. Selden at the trial of this matter, or from calling Dr. Selden as an expert witness.

In support of this motion, the defendant states the following:

### FACTS

1.  This case was originally removed to the United States District Court for the District of

    Connecticut from the Superior Court of the State of Connecticut for the Judicial District

**JURY SELECTION START DATE:  JANUARY 9, 2003**

of Hartford at Hartford on September 19, 2002.

2.  On December 30, 2002, the Report of Parties Planning Meeting was filed jointly by the parties. The report indicated that all discovery, including depositions and expert disclosures would be concluded by June 30, 2003, and that the case would be prepared for trial by August 30, 2003. (Attached as Exhibit A)

3.  On February 5, 2003, the parties attended the settlement/status conference with P.J.O. Lawrence Ionnotti, wherein it was agreed that settlement discussions could not occur because plaintiff's medical treatment records and bills had not yet been produced to the defendant.

4.  On February 7, 2003, the defendants filed discovery requests on the plaintiff. The plaintiff did not file any objections to the discovery requests.

5.  On May 5, 2003, the undersigned filed a Motion to Compel Discovery Responses or to Dismiss Plaintiffs' Action, as the plaintiff had not produced any treating records or reports regarding the plaintiff's alleged injuries as of that date. (Attached as Exhibit B).

6.  On May 7, 2003, more than sixty (60) days beyond their due date, plaintiff provided responses to defendant's interrogatories and requests for production.

7.  On September 22, 2003, a Trial Preparation Order was issued by the Court, indicating that the case shall be deemed ready for trial on November 12, 2003.

8.  July selection was scheduled to commence on November 4, 2003, but the case was not

reached for trial.

9.    The plaintiff's deposition occurred on November 19, 2003. The plaintiff Bruce Kaufman did not disclose that he was to be, or had been, evaluated by Dr. Selden on that same day.

10.   On December 5, 2003, plaintiff's counsel faxed an orthopedic evaluation report of Bruce Kaufman completed by Dr. Selden on November 19, 2003. In the report, Dr. Selden assigned a 7% permanent partial impairment rating the plaintiff's cervical spine. Dr. Selden has not been disclosed as a treating physician, IME or expert witness to date.

11.   On December 15, 2003, a Notice to Counsel was issued by the Court, indicating that jury selection in the case will commence at 9:00 a.m. on January 9, 2004.

**ARGUMENT**

F.R.C.P. Rule 26 (a)(2)(C) requires that expert witness disclosures shall be made at least 90 days before the trial date.   The Report of Parties applicable to this case states that the plaintiffs were to have designated all trial experts and to have provided opposing counsel with all medical reports and reports from retained experts by May 30, 2003. (See Exhibit C, Report of Parties, Sec. E. Discovery, para. 7). Further, depositions of plaintiffs' designated experts were to be completed by June 30, 2003. (See Exhibit C).

The November 19, 2003 orthopedic evaluation of Dr. Selden, faxed to the undersigned on December 5, 2003, is not admissible. To date, the plaintiff has not disclosed Dr. Selden as an expert witness. Regardless, a disclosure at this time would be in violation of F.R.C.P. Rule 26 (a)(2)(C).

3

Moreover, plaintiff did not disclose Dr. Selden as a treating physician or IME any time prior to

December 5, 2003, even knowing that Dr. Selden would evaluate the plaintiff on November 19, 2003,

*the same day as plaintiff's deposition.* The plaintiff made no mention at his deposition that he was

scheduled to be evaluated by Dr. Selden that very day. What makes this all the more egregious is the fact

that plaintiff, a resident of Arizona, had traveled to Connecticut from Arizona for the deposition and

orthopedic evaluation and returned to Arizona the following day. The defendant had no notice that

plaintiff was to undergo a medical evaluation in Connecticut, and has not been afforded the opportunity

in response to have a physician of the defendant's choosing evaluate the plaintiff.

Despite the discovery rules, should the plaintiff be permitted to disclose Dr. Selden, given the

current trial date, the defendant has not been afforded an adequate opportunity to assess his evaluation,

depose him, prepare for or challenge his proposed testimony, determine whether a separate medical

examination is warranted, arrange for the plaintiff to be examined, and disclose defendant's own expert

witness. Given the fact that plaintiff resides in Arizona, the defendant is assured to have no opportunity

to arrange for an independent medical evaluation before trial in this matter commences.

Trial in this matter was originally scheduled for November 12, 2003, and is now scheduled to

commence on January 9, 2004, two weeks from the date of this motion. Plaintiffs have not complied

with discovery in this matter with the diligence required pursuant to the Federal Rules of Civil

Procedure. The plaintiffs have not complied with the Report of Parties deadlines, which have long since

lapsed. The defendant, to its prejudice, is unable to properly assess the merits of Dr. Selden's

4

evaluation, prepare a defense, or have the plaintiff evaluated by an independent medical examiner. Given these circumstances, it would be unfair to allow the plaintiffs to introduce evidence or testimony pertaining to Dr. Selden's evaluation at trial in this matter.

The defendant represents that it has in good faith sought to secure the expert disclosure at issue prior to seeking Court action.

Wherefore, the defendant now respectfully moves this Court to preclude the plaintiff from offering any evidence or testimony at trial pertaining to Dr. Selden's evaluation.

THE DEFENDANT,

By_____
JEFFREY N. GAULL (ct24629)
Ryan, Ryan, Johnson & Deluca, LLP
Post Office Box 3057, 80 Fourth Street
Stamford, CT  06905
203-357-9200
Juris No. 52525

5

## CERTIFICATION OF SERVICE

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

this _____ day of December, 2003.

_____
JEFFREY N. GAULL

215.064I.\Procases\215.064\Motion to Preclude.02.wpd

6