UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

*FILED*

*Jan 8  5 57 AM '04*

*U.S. DISTRICT COURT*
*NEW HAVEN, CONN.*

----------------------------

BRUCE E. KAUFMAN and                      CIVIL ACTION No.:
BETTE L. OFFRET                           No. 3:02CV1700 (PCD)

      Plaintiffs

v.

NATIONAL RAILROAD
PASSENGER CORPORATION                     January 7, 2004

      Defendant

----------------------------

OBJECTION TO MOTION IN LIMINE TO PRECLUDE

    The plaintiffs hereby object to the defendant's Motion in Limine to
Preclude dated December 22, 2003 for the following reasons:

    1.  As previously discussed with defendant's counsel and the
Court (Lawrence W. Iannotti, PJO) at the status conferences, the plaintiffs
have been handicapped by the fact that they are Arizona residents being
treated in Arizona, final medical reports could not be obtained from the
initial treating physician (as a result of his untimely death), and the
physician presently treating the plaintiffs was unable to provide the usual
reports of the plaintiffs' injuries until May of 2003.

    2.  Once all of the medical reports were provided, counsel for the
parties attempted to settle this action, hoping to avoid the substantial
expense of the plaintiffs return to Connecticut for depositions.  Counsel
for the defendant was ultimately unable to obtain any substantial
settlement authority, after considerable delay, to settle the claims
without the depositions.

3.  In efforts to coordinate the deposition schedule with independent medical examinations, plaintiffs counsel waited for the promised response from defendant's counsel for such coordinated activities, but never received a response.

4.  The two continuances of the depositions were by mutual agreement of counsel.

5.  Continued efforts at rescheduling were then affected by the undersigned counsel's medical problems, resulting in the plaintiffs' filing of a Motion for Continuance, which was granted by the Court.

6.  Subsequently, the undersigned's mother was hospitalized in Indiana with a terminal medical condition necessitating the suspension of his legal obligations as he attempted to care for his mother in Indiana. Despite a medical prognosis giving her several months of life, she passed away after only three weeks and the undersigned has been engaged in Indiana handling her funeral arrangements and attempting to now handle the numerous problems involved with her estate.  The Court Clerk and defendant's counsel were advised of the undersigned counsel's circumstances.

7.  Despite the above problems, counsel returned to Connecticut so that the plaintiffs' depositions could be completed.

8.  Defendant's counsel was well aware that the plaintiffs would be seeking to obtain a Connecticut physician to evaluate their medical condition and render a report, with a disability rating, if applicable.  In fact, defendant's counsel requested a report with a disability rating as part of the settlement process.  It was agreed among counsel that such an evaluation would be conducted at the same time as the depositions (to avoid

the substantial expense of multiple trips from Arizona), and counsel for the plaintiffs requested that the defendant provide the name of a mutually acceptable physician to conduct the evaluation to avoid the expense and necessity of multiple medical examinations. After months of waiting, the plaintiffs needed to obtain the evaluation and proceeded with one such examination, which Dr. Selden was able to accomodate on short notice, after being advised that the defendant had no interest in any such examination. The plaintiff Kaufman made no effort to hide the examination and during his deposition, the defendant made no inquiries about any such examination (although he did make such inquiries of the plaintiff Offret).

9. The plaintiffs should not be prejudiced by the foregoing series of events beyond their, or anyone's control; and having requested mutual cooperation in the scheduling of an evaluation, thereafter indicating no interest in participating either collectively or independently in an evaluation, and then complaining about the lack of opportunity to conduct an evaluation, the defendant, by its motion, is being disingenuous.

10. The plaintiffs represent that they have acted in good faith and in reliance on the actions and statements of the defendant in seeking to resolve any discovery issues to the mutual satisfaction of all parties and would now be unfairly prejudiced by the preclusion of the testimony or reports of Dr. Selden.

For the foregoing reasons, the plaintiffs object to the defendant's Motion

and request the opportunity to fully present their case in court, including

the testimony and reports of Dr. Selden.

<div style="margin-left: 40%;">

PLAINTIFFS

By _____

Louis A. Highmark, Jr.
Federal Bar No. ct07000
Fink and Highmark
8 Crossroads Plaza
West Hartford, CT 06117
(860) 236-6858

</div>

<div style="text-align: center;">

CERTIFICATION OF SERVICE

</div>

I hereby certify that I delivered a true and correct copy of the foregoing

via United States mail, first class, postage prepaid, to the following

counsel of record on the date set forth above:

Jeffrey N. Gaull, Esq.
Robert O. Hickey, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
PO Box 3057
Stamford, CT 06905

_____
Louis A. Highmark, Jr.