# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

---------------------------------------X

BRUCE E. KAUFMAN and
BETTE L. OFFRET,

          Plaintiffs,

V.

NATIONAL RAILROAD
PASSENGER CORPORATION,

         Defendant.

---------------------------------------X

CIVIL ACTION
NO.  3:02 CV 1700 (PCD)

JANUARY 13, 2004

## REPLY TO OBJECTION TO MOTION IN LIMINE TO PRECLUDE

The defendant hereby replies to plaintiffs' January 7, 2004, Objection to Motion in Limine to Preclude as follows:

Plaintiffs argue primarily that the defendant was aware that the plaintiffs had been planning to undergo Independent Medical Examinations (IMEs) in the State of Connecticut and that defense counsel was to participate in scheduling IMEs.  This is inaccurate.  While plaintiff's counsel stated his preference in telephone conversations between counsel that the plaintiffs undergo evaluations by a Connecticut physician, the undersigned never agreed to participate in such an activity.  With discovery deadlines lapsed, and without any prior final medical assessment of the plaintiffs or any prior permanent partial disability ratings assigned to the plaintiffs, the defendant had no reason to have the plaintiffs

independently evaluated.

As to Dr. Selden's evaluation, it made no sense for the defendant to have considered having the plaintiff evaluated until *after* he disclosed the full and final medical reports, including any claims of permanent partial disability ratings. The last-minute evaluation by Dr. Selden arranged by plaintiff's counsel is the type of activity that the discovery rules are designed to prevent, and this is why discovery was to have been concluded months before Dr. Selden's report was disclosed. It is not unreasonable for the defendant to have presumed, with the discovery deadlines long-since lapsed and the trial date imminent, that all treatment and medical evaluations of the plaintiff in the case had been concluded. It is prejudicial to the defendant to have to contend with the late report of Dr. Selden, when no prior mention of Dr. Selden's involvement had been made.

For the foregoing reasons, the defendant respectfully moves this Court to preclude the plaintiff from offering any evidence or testimony at trial pertaining to Dr. Selden's evaluation.

THE DEFENDANT,

By_____

JEFFREY N. GAULL (ct24629)
Ryan, Ryan, Johnson & Deluca, LLP
Post Office Box 3057, 80 Fourth Street
Stamford, CT   06905
203-357-9200
Juris No. 52525

2

<u>CERTIFICATION OF SERVICE</u>

I certify that I delivered a true and correct copy of the foregoing via United States mail, first class postage prepaid, to the following counsel and pro se parties of record:

Louis A. Highmark, Jr., Esq.
Fink & Highmark
P.O. Box 370038
West Hartford, CT 06117

this 13th day of January, 2004

_____
JEFFREY N. GAULL

215 064I:\Procases\215 064\Reply to Obj to Mtn to Preclude wpd

3