UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Bruce E. KAUFMAN and Bette L. OFFRET, Plaintiffs, | : : : : |
| -vs- | : 3:02cv1700 (PCD) : |
| NATIONAL RAILROAD PASSENGER CORPORATION Defendant. | : : : |

**RULING ON DEFENDANT'S MOTION IN LIMINE TO PRECLUDE**

Defendant moves to preclude Plaintiffs from introducing testimony by Dr. Steven E. Selden or from calling Selden as a witness. For the reasons stated herein, Defendant's motion is **granted**.

**I.   Background**

Plaintiffs filed the present action in state court, and it was removed to this Court on September 23, 2002 [Doc. No. 1]. On December 30, 2002, in accordance with FED. R. CIV. P. 16(b) and 26(f), and D. CONN. L. CIV. R. 26(f),[1] the parties submitted a report of their planning meeting, which was approved and adopted on February 4, 2003 [Doc. No. 9]. Pursuant to the schedule outlined in the report, Plaintiffs were to provide Defendant with the identification and records of expert witnesses by May 30, 2003, and Plaintiffs' expert witnesses were to be deposed by June 30, 2003. Rep. of Parties Planning Meeting., V(E)(2) & (7) [Doc. No. 9]. On September 22, 2003, a Trial Preparation Order ("TPO") was issued, indicating that the case was deemed ready for trial on November 12, 2003. On October 28, 2003, Plaintiffs moved for a continuance of jury selection and for an extension of time until January 15, 2004 to complete the TPO,

---

[1]   D. CONN. L. CIV. R. 26(f) was formerly D. CONN. L. CIV. R. 38.

because a medical problem made it necessary for Plaintiffs' counsel, a solo practitioner, to find replacement counsel [Doc. No. 17]. Plaintiffs' motion was granted in part, with the endorsement clearly stating that "[j]ury selection will be continued to the December Jury Selection with trial subject to assignment on or before December 5, 2003" [Doc. No. 18]. To date, no replacement counsel has entered an appearance and Plaintiffs' original counsel continues to participate in the case. Defendant states that on December 5, 2003, Plaintiffs' counsel faxed Plaintiffs' orthopedic evaluation prepared by Selden on November 19, 2003. Defendant alleges that to date, Selden has not been disclosed as a treating physician, independent medical evaluator, or expert witness. Def. Mem. at 3. This case was scheduled for jury selection on January 9, 2004. Due to Plaintiffs' counsel's flu, the jury selection was postponed until February, 2004, with trial to commence shortly thereafter. To date, Plaintiffs have not complied with the TPO. Although Plaintiff filed a notice of compliance with Part A of the TPO on October 16, 2003 [Doc. No. 16], there has been no compliance with Part C, which was initially due on November 11, 2003 [Doc. No. 15] and was granted an extension until December 5, 2003 [Doc. No. 18].[2]

**II.    Standard**

Pursuant to the Federal Rules of Civil Procedure, a party must "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." FED. R. CIV. P. 26(a)(2)(A). This rule affords parties "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Hyun v. South Kent Sch.*, Civ. No. 3:95CV2235(AHN), 1997

---

[2]    As noted, on October 28, 2003, Plaintiffs filed a motion to continue jury selection and to complete the TPO, seeking until January 15, 2004 [Doc. No. 17]. The motion was granted in part, and the case was deemed to be ready for trial on December 5, 2003, at which time Plaintiffs were to have complied with the TPO. The fact that jury selection did not proceed in December, 2003, does not grant Plaintiffs a license to ignore the TPO deadline or comply at their convenience.

U.S. Dist. LEXIS 14622, at *3 (D. Conn. Sept. 17, 1997) (quotation omitted).  Rule 26 instructs that "[t]hese disclosures shall be made at the times . . . directed by the court."  FED. R. CIV. P. 26(a)(2)(C).

**III.    Discussion**

Defendant contends that Plaintiffs' late disclosure of Selden violates both the Court's scheduling order and FED. R. CIV. P. 26(a)(2)(C).  Def. Mem. at 3.  Defendant asserts that Plaintiffs' delinquency prejudice its ability to prepare a defense, as it will not be able to properly assess Selden's evaluation, prepare a defense, or have Plaintiffs evaluated by an independent medical examiner.

As noted, the scheduling order pursuant to the parties report instructed that May 30, 2003 was Plaintiffs' deadline to identify experts and furnish Defendant's with any expert reports, and that June 30, 2003 was the deadline for depositions of Plaintiffs' experts.

Plaintiffs fail to provide a reasonable explanation for their delinquent identification of Selden.  Plaintiffs' counsel notes that both his own medical problems and his mother's serious illness and death caused delay in his handling of the case.  Pl. Opp. at 2.  He does not indicate specific dates of either illness, but presumably such events occurred in October, 2003, as referenced in his motion for continuance of jury selection and extension of time dated October 28, 2003 [Doc. No. 17].  However, illness in October, 2003 does not explain Plaintiffs' failure to comply with the scheduling order and disclose and depose any experts by June 30, 2003.  *See Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 203  (1st Cir.) (holding exclusion of a witness appropriate where party fails to comply with scheduling order without adequate explanation), *cert. denied*, 136 L. Ed. 2d 214, 117 S. Ct. 294 (1996).

Plaintiffs assert that at least some of the delay was caused by their hopes that settlement would avoid the expense of them returning to Connecticut for depositions, and contends that settlement failed because Defendant's counsel could not get authority to settle. Pl. Opp. at 1. While the Court is mindful of the expense of litigation, desire to avoid expense does not justify disregard for the Court's scheduling orders, especially in the absence of any extension of time granted to identify and depose Plaintiffs' experts. Nor does optimism as to settlement, where not induced by an opposing party, warrant disregard for scheduling deadlines.

Plaintiffs also contend that Defendant is responsible for the belated disclosure of Selden, because Plaintiffs had requested Defendant provide them with the name of a mutually acceptable physician to conduct the evaluation. Pl. Opp. at 2-3. However, Plaintiffs' request of Defendant does not excuse Plaintiffs for failing to comply with Court deadlines, and there is no indication that Plaintiffs ever moved for or were granted an extension of time to disclose experts. Plaintiffs' attempt to shift the blame to Defendant is misguided, as nothing precluded Plaintiffs, the parties who initiated this action, from contacting Defendant to discuss a mutually acceptable physician, or, absent an agreement, unilaterally arranging a choice of expert, a course Plaintiffs apparently now have followed.

While Selden's testimony may bolster Plaintiffs' case, Defendant would be unfairly prejudiced by Plaintiffs' delinquent disclosure, as Defendant alleges that it would not be able to properly assess Selden's evaluation, prepare a defense, or have Plaintiffs evaluated by an independent medical examiner.

**IV.    Conclusion**

For the reasons stated herein, Defendant's motion in limine to preclude [Doc. No. 24] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, January 15 , 2004.

                                            /s/
                          Peter C. Dorsey
                Senior United States District Judge